IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
October 15, 2024 02:22 PM
ST-2009-CV-00070
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| TARIQ DAVIS, a minor, by his parents and next friends, DIANNE BYNOE and ROOSEVELT DAVIS, and DIANNE BYNOE and ROOSEVELT DAVIS on their own behalf, ) ) ) ) ) | **CASE NO. ST-2009-CV-00070** |
| Plaintiffs, ) | **ACTION FOR DAMAGES** |
| vs. ) ) ) | |
| AMERICAN YOUTH SOCCER ORGANIZATION, VIRGIN ISLANDS AMERICAN YOUTH SOCCER ORGANIZATION, THE UNIVERSITY OF THE VIRGIN ISLANDS, and LAVAR BROWNE, ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. ) ) | |

**2024 VI Super 40U**

### MEMORANDUM OPINION

¶1 **THIS MATTER** is before the Court on Defendants American Youth Soccer Organization and Virgin Islands American Youth Soccer Organization, ("Defendants") Motion to Disqualify Plaintiffs' Counsel, filed November 18, 2015.[1] For the reasons set forth below, Defendants' motion to disqualify will be denied.

---

[1] This matter is fully briefed. Plaintiffs Tariq Davis and his parents, Dianne Bynoe and Roosevelt Davis, ("Plaintiffs") filed an opposition on December 2, 2015, and Defendants filed a reply on January 27, 2016. On February 11, 2016, Plaintiffs filed a motion for leave to respond to Defendants' reply because attached to Defendants reply is an affidavit signed by John McDonald on January 11, 2026, which was apparently created to refute some of the arguments in Plaintiff's Opposition. The motion for leave to respond will be denied under separate order and the January 11, 2026, affidavit will not be considered.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 2 of 13

Cite as 2024 VI Super 40U

## BACKGROUND AND PROCEDURAL POSTURE

¶2      Plaintiffs Tariq Davis and his parents, Dianne Bynoe and Roosevelt Davis, are residents of St. Thomas, Virgin Islands. In 2007, Plaintiff Tariq Davis ("Tariq"), a minor at the time, was practicing soccer with his teammates at the University of Virgin Islands soccer field. Compl. ¶ 13. While Tariq was practicing on the field with his teammates, he chased an errant ball out into the public roadway located next to the field that runs parallel to a public roadway. *Id.* Plaintiffs allege that Tariq was hit by a car and thrown into the air. He was knocked unconscious and remained so for a period of eleven weeks. *Id.* In addition, the Complaint alleges that Tariq suffered from a traumatic brain injury, a concussion, and a fractured femur. Compl. ¶ 14. Plaintiffs allege that American Youth Soccer Organization was an organization dedicated to sponsoring youth soccer teams nationwide and in the Virgin Islands at the time of the incident. Compl. ¶ 4.

¶3      On February 12, 2009, Plaintiffs, by and through the Law Offices of Desmond Maynard, filed a complaint against Defendants American Youth Soccer Association and Virgin Islands American Youth Soccer Organization ("Defendants" or "AYSO" "VI AYSO"), jointly and severally, in an action for premises liability and negligence and Defendants AYSO and VI AYSO filed a joint Answer and Affirmative Defenses, by and through the Law Office of A. Jeffrey Weiss.

¶4      On February 17, 2015, Defendants filed a Motion for Partial Summary Judgment against plaintiff Diane Bynoe. The Plaintiffs' Opposition to that Motion, filed on August 3, 2015, included the following exhibits, a declaration by Attorney Maynard-Hahnfeld, an affidavit she had drafted for Mr. John McDonald ("McDonald")'s signature, and email correspondence between plaintiffs'

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 3 of 13

Cite as 2024 VI Super 40U

counsel and McDonald dated July 22, 2015.[2] That motion for partial summary judgment was denied by order and memorandum opinion entered May 18, 2016.

¶5      However, Defendants subsequently filed this Motion to Disqualify Plaintiffs' counsel based upon Plaintiffs' filing of Attorney Maynard-Hahnfeld's Declaration and the draft affidavit for McDonald that were attached to Plaintiffs' Opposition to Defendants' motion for partial summary judgment. Defendants assert that Attorney Desmond Maynard ("Maynard") and Attorney Shawn Maynard-Hahnfeld ("Maynard-Hahnfeld") (or collectively "the Maynards") made themselves necessary witnesses in this case in violation of Virgin Island Supreme Court Rule 211.3.7 by filing the Declaration and an unsigned draft affidavit of a witness, McDonald, in support of their opposition to Defendants' Motion for Partial Summary Judgment. In total, Defendants contend Plaintiffs' counsel violated ethical rules, specifically Virgin Islands Supreme Court Rules 211.3.7, 211.3.3 and 211.8.4.[3]

---

[2] According to the filings, Plaintiffs' counsel met with McDonald on June 8, 2015, and prepared an affidavit for McDonald's signature. McDonald picked up the draft affidavit on July 22, 2015, and Plaintiffs' counsel emailed McDonald to ask him to advise them if there were any necessary corrections to the draft affidavit. On July 31, 2015, counsel for AYSO sent a letter to the Maynards asserting their conduct was unethical. In an apparent response to that charge of unethical conduct, Maynard-Hahnfeld prepared her Declaration to set the record straight and attached the Declaration and McDonald's draft affidavit to the Plaintiffs' opposition to the Defendant's Motion For Partial Summary Judgment, which plaintiffs filed on August 3, 2015. The filing of those two documents then opened the avenue Defendants are pursuing to move for disqualification of plaintiffs' counsel.

[3] Although Defendants' Motion to Disqualify references two other rules, Virgin Islands Supreme Court Rules 211.4.1 and 211.3.4(b), in the fact section and the header of one of its arguments, Defendants do not cite to the rule nor provide any legal argument in favor of disqualification under V.I. S. CT. R.211.4.1 and V.I. S. CT. R. 211.3.4(b) in the motion. Therefore, the court will not consider the applicability of Rule 211.4.1 and Rule 211.3.4(b). The court notes Defendants subsequently outline and argue under those two rules in their reply briefing. Because the Defendants' motion in chief did not raise arguments under Rules 211.4.1 and 211.3.4(b), the court will not consider those new arguments outlined in the reply brief because Plaintiffs' counsel was not afforded an opportunity to respond. *See Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 528 (2013) ("[A]n issue raised for the first time in a reply brief . . . is deemed waived because the opposing party typically does not have the opportunity to respond.") (alteration in original). Accordingly, the court considers the arguments under Rules 211.4.1 and 211.3.4(b) waived.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 4 of 13

Cite as 2024 VI Super 40U

## LEGAL ANALYSIS

### A. Disqualification of an Attorney

#### a. Rule 211.3.7 does not disqualify Plaintiffs' counsel.

¶6    Defendants argue that Plaintiffs' counsel should be disqualified because both Maynard and Maynard-Hahnfeld have made themselves necessary witnesses by submitting an unsigned draft affidavit of John McDonald, a witness in the case, in support of Plaintiffs' Opposition to a Partial Motion for Summary Judgment. In particular, Defendants contend that Plaintiffs' counsel filed the draft affidavit of McDonald to directly contest the sworn affidavit that Defense counsel obtained from McDonald. For that reason, Defendants asserts that Plaintiffs' counsel has forced themselves into the role of a witness and must be disqualified for attempting to dispute McDonald's sworn statement.

¶7    Plaintiffs' counsel counter that they have not presented themselves as a necessary witness because they only produced the draft affidavit of McDonald to oppose AYSO's contention that Plaintiffs' counsel had engaged in ex-parte communication with McDonald in violation of V.I. S. CT. R. 211.4.2.[4] Moreover, the Maynards argue that the draft affidavit is not dramatically different from the contents of McDonald's sworn affidavit that Defense counsel obtained from McDonald.

¶8    Pursuant to the Virgin Islands Rules of Professional Conduct,[5] a lawyer *shall not* act as advocate at a trial in which the lawyer is likely to be a necessary witness. V.I. S. CT. R. 211.3.7(A)

---

[4] Under V.I. S. CT. R. Rule 211.4.2, when representing *a client*, "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." (emphasis added).

[5] Virgin Islands Supreme Court Rule 211 established the Virgin Islands Rules of Professional Conduct by court order dated December 23, 2013, and effective on February 1, 2014. "[T]o the extent applicable, the accompanying or related ABA Interpretive Guidelines, Comments and Committee Comments . . . govern the conduct of members of the Bar of

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 5 of 13

Cite as 2024 VI Super 40U

(emphasis added). However, the rule barring a lawyer as a witness does not apply if: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. *Id.* In addition, under Rule 211.3.7(B) a lawyer "may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 211.1.7 or Rule 211.1.9."

¶9    Further, Virgin Islands courts note that a necessary witness is one who has "has been defined in this jurisdiction as an individual whose possible testimony is found to be 'relevant, material, and unobtainable elsewhere.'" *Thomas v. Kragel*, 2018 V.I. LEXIS 132, *3, *8 (V.I. Super. Ct. 2018) (citing *People of the V.I. v. Caesar*, 2016 V.I. LEXIS 122, at *12 (V.I. Super. Ct. 2016) (quoting *Daily News Publ. Co. v. 29th Legislature of the Virgin Islands*, 59 V.I. 138, 145 (V.I. Super. Ct. 2012)).

¶10    As explained above, Defendants filed a Motion for Partial Summary Judgment against Plaintiff Diane Bynoe, and the Plaintiffs responded in opposition. Attached to Plaintiffs' Opposition and Statement of Undisputed Material Fact were the following exhibits relevant to the motion to disqualify: Exhibit B – Declaration of Maynard-Hahnfeld[6], Exhibit B-1 –Maynard's email to McDonald and a copy of McDonald's unsigned draft Affidavit[7], Exhibit B-2: Weiss'

---

this Territory." V.I. S. Ct. R. 203(a). Previous decisions interpreting and applying the ABA Model Rules of Professional Conduct are persuasive. *In the Matter of Suspension of Desmond L. Maynard, Esq.*, 68 V.I. 632, 649 n.15 (V.I. 2018).

[6] Pls.'s Ex. B attached to Pls.'s Opp'n to the Mot. Summ. J.

[7] Pls.'s Ex. B-1 attached to Pls.'s Opp'n to the Mot. Summ. J.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 6 of 13

Cite as 2024 VI Super 40U

email to Plaintiffs' Counsel regarding ex-parte communications with McDonald[8], and Exhibit B-3 – McDonald's sworn affidavit provided by Defense counsel.[9]

### 1. Hahnfeld-Maynard is not a necessary witness to this matter.

¶11 After careful consideration of the record associated with the Motion for Partial Summary Judgment, the court concludes that Plaintiffs' counsel is not a necessary witness as defined by V.I. S. Ct. R. 211.3.7, and therefore there is no basis for disqualification under this rule. It is clear Plaintiffs cited to and relied upon McDonald's sworn affidavit to oppose Defendants' motion for partial summary judgment, which refutes Defendants' argument that Plaintiffs were relying on the draft version of McDonald's affidavit to resist the motion for partial summary judgment.[10] And although the Plaintiffs' exhibits included Maynard-Hahnfeld's Declaration, McDonald's unsigned draft affidavit, and the email communications with McDonald, Plaintiffs' made no specific reference to the unsigned affidavit in their argument opposing summary judgment; Plaintiffs only included a reference to the unsigned affidavit in a blanket assertion that Plaintiffs were relying on all the exhibits attached to the opposition.[11] The court finds Plaintiffs, including their counsel, did not offer the draft affidavit as evidence to support an argument that McDonald made contradicting statements. Indeed, the Plaintiffs' opposition to the motion for summary judgment makes no statement that McDonald had given plaintiffs' counsel a different set of facts.

---

[8] Pls.'s Ex. B-2 attached to Pls.'s Opp'n to the Mot. Summ. J.

[9] Pls.'s Ex. B-3 attached to Pls.'s Opp'n to the Mot. Summ. J.

[10] Pls.'s Opp'n to the Mot. Summ. J. pages 11-19.

[11] The court found only one citation to the exhibits at issue in this motion; *See* Pls.'s Opp'n to Mot. for Summ. J. at page 2, footnote 2: "Exhibits A through Q, which are referred to herein, are attached to and made part of Plaintiffs' Counterstatement of Undisputed Material Facts, which Plaintiffs have filed simultaneously herewith."

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 7 of 13

Cite as 2024 VI Super 40U

¶12    Even assuming arguendo that Plaintiffs' counsel had made themselves "necessary witnesses" in this case, Rule 211.3.7(a)(3) provides an exception for disqualification of the lawyer if disqualification "would work substantial hardship on the client." V.I. S. CT. R. 211.3.7(a)(3). Here, the instant litigation has been ongoing for several years, and that was true even at the time of the filing of the motion for disqualification. The Maynards have served as Plaintiffs' counsel since the initiation of this matter and conducted substantial work on the case, which would create an exception to disqualification due to the hardship the plaintiffs would suffer. But as outlined above, the court finds that the Maynards did not become necessary witnesses in this matter. The court reiterates its finding that McDonald is a witness in this litigation, but he is not a represented party or officer of VI-AYSO or AYSO. In addition, the rules clearly permit both parties to collect all relevant information from individuals who are not considered clients. V.I. S. CT. R. 211.3.4(f).

¶13    There exists no basis to find that Maynard or Hanhnfeld-Maynard is a necessary witness in this matter and there exists no grounds to disqualify them under V.I. S. CT. R. 211.3.7.

## 2. Maynard-Hahnfeld's Declaration did not challenge the veracity of McDonald's signed affidavit.

¶14    AYSO's motion to disqualify plaintiffs' counsel argues that Maynard-Hahnfeld's Declaration contends the draft affidavit "accurately sets forth what [McDonald] told them notwithstanding refusal to sign that draft because it contained statements he never made...". However, Maynard-Hahnfeld's Declaration states, "Based entirely on the statements made by Mr. McDonald to Attorney Maynard and me, I prepared a draft Affidavit." Nowhere else in Maynard-Hahnfeld's Declaration does she address McDonald's representations to her or otherwise suggest

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 8 of 13

Cite as 2024 VI Super 40U

the veracity of the entire draft affidavit.[12] The balance of the Declaration is dedicated to addressing the series of contacts with McDonald and why none of Plaintiffs' counsel's conduct was unethical.

¶15    The court disagrees with AYSO's characterization and interpretation of Maynard-Hahnfeld's Declaration. After reviewing Plaintiffs' opposition, nothing in the argument outlined in the Opposition can be characterized as an attempt to "discredit McDonald's sworn statements" by citing to the draft affidavit or declaration by Maynard-Hahnfeld.[13] The Plaintiffs' statement of undisputed material facts mainly cites to depositions and sworn affidavits, such as McDonald's affidavit.[14] Nothing in the record reflects that Plaintiffs' make use of the unsigned draft affidavit to draft their facts or as a means to discredit McDonald's sworn statements. Moreover, on one hand Defense counsel asserts that the unsigned affidavit and declaration are used to directly discredit McDonald's sworn affidavit, yet in their Reply to Plaintiffs' Opposition to Summary Judgment the only reference to the exhibits now at issue is that they are "included by plaintiffs as a smoke screen in an attempt to divert the Court's attention from the lack of any evidence supporting their contention."[15] This supports the court's finding that Maynard-Hahnfeld did not challenge the veracity of McDonald's affidavit.

---

[12] Maynard-Hahnfeld also showed proof of her email to McDonald that advised him to let her know if he wished to make any changes to the draft affidavit. She further avers that McDonald later told Maynard he had signed the affidavit and would return it to her office, although he never returned it.

[13] Defs.' Mtn. to Disqualify, page 5, 7: "Plaintiffs attempt to discredit Mr. McDonald's sworn statement, with their own personal statements which they contend are facts, places them squarely at odds with a witness and into the role of a witness in this matter, which requires disqualification."

[14] *See* Pls.'s Response to Defs.'s Statement of Disputed Facts; Pls.'s Counterstatement of Undisputed Material Facts.

[15] Defs.'s Reply to Pls.'s Opp'n to Mot. for Summ. J. at page 8-9: "Thus, Plaintiffs submission of their Opposition Exhibits: A (the Affidavit of Chiraq Sharma), B (the Declaration of Shawn E. Maynard-Hahnfeld), B-1 (the Affidavit Attorney Maynard-Hahnfeld prepared which Mr. McDonald would not sign as it was inaccurate), B-2 (the July 31, 2015 letter), B-3 (the Affidavit of Mr. McDonald) . . . are not relevant or material to the issues raised in the instant motion and have been included by plaintiffs as a smoke screen in an attempt to divert the Court's attention from the lack of any evidence supporting their contentions."

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 9 of 13

Cite as 2024 VI Super 40U

### 3. The Maynards did not have an improper ex-parte communication with McDonald.

¶16    Defendants assert that Plaintiffs' counsel, in attempting to secure an affidavit from McDonald, violated Rule 211.4.2 prohibiting one lawyer from ex-parte communications with another lawyer's client.[16] V.I. S. CT. R. 211. 4.2 states, "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."[17]

¶17    However, the court finds that there is no indication that Weiss was acting as counsel to McDonald when he met with the Maynards. Defendants have not shown that the Maynards knew or should have known that McDonald had counsel in this matter. First, McDonald is not named as a party in this matter. Second, nothing within the discovery or other portions of the record indicates McDonald was an employee or staff member of either AYSO or VI AYSO. To the contrary, at all times material hereto, McDonald was a volunteer. Although McDonald volunteered as a coach on behalf of AYSO and VI-AYSO, the court does not agree with Attorney Weiss' contention that he is considered a "represented party" because of his involvement with the organization. The Maynards had no reason to know McDonald should be treated as a witness protected by V.I. S. CT. R. 211.4.2.

---

[16] *See* Pls.'s Ex. B-2, Letter from Attorney Weiss to Attorneys Maynard and Maynard-Hahnfeld.

[17] *Id.*at ¶ 2: "V.I. Supreme Court Rule 211.4.2 specifically prohibits your communication and your office's communications with Mr. McDonald and with other (current and former) officers and directors of the American Youth Soccer Organization ("AYSO") and VI AYSO about the subject of this litigation, as you are clearly aware that they are represented parties."

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 10 of 13

Cite as 2024 VI Super 40U

¶18    Even if McDonald had communicated with Weiss prior to meeting with the Maynards, they were not prohibited from contacting McDonald solely because opposing counsel had already communicated with McDonald.[18]

### b.  Rule 211.3.3 does not disqualify Plaintiffs' counsel.

¶19    V.I. S. CT. R. Rule 211.3.3 details the requirement of a lawyer's candor toward the tribunal. Under Rule 211.3.3(a)(1) a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer. In addition, a lawyer shall not offer evidence that the lawyer knows to be false. V.I. S. CT. R. 211.3.3(A)(3). If a lawyer offers up material evidence that becomes false, then the "lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal." *Id.*

¶20    Defendants contend that the Maynards violated Rule 211.3.3 because they filed a draft affidavit before the Court that they knew or should have known contained "inaccurate assertions not made by Mr. McDonald." On that basis, Defendants argue the Maynards violated Rule 211.3.3. However, the Maynards argue that Defendants have failed to point out one statement in the draft affidavit containing false or misleading information. Further, the Maynards contend that the draft affidavit is similar to the Defendants' signed affidavit, even though some of the paragraphs of the draft were not included in McDonald's signed affidavit.

---

[18] V.I. S. CT. R. 211.3.4(f): "A lawyer *shall not: request a person other than a client to refrain from voluntarily giving relevant information to another party* unless: (1) the person is a relative or an employee or other agent of a client; and (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information. (emphasis added).

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 11 of 13

Cite as 2024 VI Super 40U

¶21    After reviewing the record, the court disagrees with Defendants' argument that Maynard and Maynard-Hahnfeld filed an affidavit containing false or misleading information. First, the copy of the draft affidavit provided by Plaintiffs' counsel was never signed or notarized, meaning Plaintiffs' counsel is not signaling to the court that the affidavit is a sworn legal document containing truthful information. And to the extent it included information that was inaccurate, McDonald never so advised the Maynards. Instead, he told them he had signed the affidavit, although he never delivered it to the Maynards. Second, as detailed above, Plaintiffs' counsel does not cite the unsigned draft affidavit in support of an assertion of fact or argument in Plaintiffs' Opposition to the Partial Motion for Summary Judgment. This court finds that an unsigned affidavit is not considered sufficient evidentiary support for a Motion for Summary Judgment. V.I. Civ. P. R. 56(c)(4).[19] At no point did Plaintiffs' counsel convey to the court, in its Opposition, that the unsigned draft affidavit is accurate and sufficient to meet the summary judgment standard for supporting a factual assertion, nor to otherwise challenge McDonald's affidavit.

¶22    As such, the court is not persuaded by Defendants' argument that the Maynards submitted false information to the court merely by attaching a copy of Maynard-Hahnfeld's Declaration and an unsigned draft affidavit as exhibits to its Opposition.

### c. Rule 211.8.4 does not disqualify Plaintiffs' counsel.

¶23    Virgin Islands Supreme Court Rule 211.8.4 defines actions that are deemed lawyer misconduct. A lawyer engages in professional misconduct when they "violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through

---

[19] V.I. Civ. Pro Rule 56(c)(4) – *Affidavits or Declarations*: An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 12 of 13

Cite as 2024 VI Super 40U

the acts of another." V.I. S. CT. R. 211.8.4(a). In addition, a lawyer violates this rule if they engage in behavior involving dishonesty, fraud, deceit or misrepresentation or in a way that is prejudicial to the administration of justice. V.I. S. CT. R. 211.8.4(c) and (d).

¶24     Defendants argue that Maynard-Hahnfeld misrepresented the facts to this court by submitting an unsigned and inaccurate draft affidavit of McDonald in support of their Opposition to AYSOs Motion for Partial Summary Judgment. As such, both Maynard and Maynard-Hahnfeld should be "held accountable for these violations" pursuant to Rule 211.8.4.[20]

¶25     Once more, the court is not persuaded that Maynard or Maynard-Hahnfeld violated the Rules of Professional Conduct by including the Declaration and draft affidavit among the exhibits file in support of their Opposition to the Partial Summary Judgment. The court finds the Maynards did not urge the court to rely upon the draft affidavit to support their Opposition, nor is it being utilized to directly dispute a factual assertion made by Defendants. Given that the court has extensively considered those arguments above, the court finds that Plaintiffs' counsel did not violate the Virgin Islands Rules of Professional Conduct.

## CONCLUSION

¶26     The court finds that Maynard-Hahnfeld did not become a necessary witness in this matter by the filing of her Declaration, and neither Plaintiffs nor their counsel challenged the veracity of McDonald's affidavit. In addition, the Maynards' communication with John McDonald was not

---

[20] Plaintiffs' counsel asserts the same arguments summarized under header two in support of their response to the argument that counsel violated V.I. S. CT. R. 211.3.3.

*Tariq Ron Bynoe Davis v. American Youth Soccer Organization*
Case No. ST-2009-CV-00070
Memorandum Opinion (motion to disqualify plaintiffs' counsel re: attorney-witness)
Page 13 of 13

Cite as 2024 VI Super 40U

an ex-parte communication. Defendants have not met their burden to disqualify plaintiffs' counsel in this matter. The motion for disqualification will be denied.

¶27    Based on the foregoing reasons, Defendants' Motion to Disqualify Plaintiffs' counsel will be denied. An Order consistent with this Memorandum shall follow.

DATED: October __15__, 2024

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____ 10/15/2024
**LATOYA CAMACHO**
Court Clerk Supervisor ___/___/____

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| TARIQ DAVIS, a minor, by his parents and next friends, DIANNE BYNOE and ROOSEVELT DAVIS, and DIANNE BYNOE and ROOSEVELT DAVIS on their own behalf, ) ) ) ) ) | CASE NO. ST-2009-CV-00070 |
| Plaintiffs, ) | ACTION FOR DAMAGES |
| vs. ) ) ) | |
| AMERICAN YOUTH SOCCER ORGANIZATION, VIRGIN ISLANDS AMERICAN YOUTH SOCCER ORGANIZATION, THE UNIVERSITY OF THE VIRGIN ISLANDS, and LAVAR BROWNE, ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. ) ) | |

## ORDER

**THIS MATTER** is before the Court on Defendants American Youth Soccer Organization

and Virgin Islands American Youth Soccer Organization, ("Defendants") Motion to Disqualify

Plaintiffs' Counsel, filed November 18, 2015.[1]

For the reasons set forth in the Memorandum Opinion dated this day, cited as 2024 VI

Super 40U, it is hereby

**ORDERED** that the Motion is **DENIED**; and it is further

---

[1] This order addresses a motion to disqualify filed on November 18, 2015. It is a different opinion to the one entered on October 4, 2024, that addressed a motion to motion to disqualify filed on January 12, 2017.

*Davis v. American Youth Soccer Organization, et al.*
Case No. ST-2009-CV-00070
Order denying motion to disqualify plaintiffs' counsel re: attorney-witness
Page 2

**ORDERED** that copies of the Memorandum Opinion and this Order shall be directed to

Desmond Maynard, Esq., Shawn Maynard-Hahnfeld, Esq., A. Jeffrey Weiss, Esq. and Douglas

Capdeville, Esq.

DATED:  October __15__, 2024

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**A T T E S T:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____ 10/16/2024
**LATOYA CAMACHO**
Court Clerk Supervisor ____/____/____